**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **CATHY ARNOLD, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-0607-CV-W-GAF** |
| | ) | |
| **ADT SECURITY SERVICES,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Presently before the Court is Defendants ADT Security Services, Inc. and Dinesh Chand's (collectively "Defendants") Motion to Compel and Request for Sanctions filed pursuant to Fed. R. Civ. P. 33(b)(5), 34, and 37.[1]  (Doc. #87).  Defendants assert Plaintiffs Sheila Craig ("Craig"), Andrea Curns ("Curns"), GaBrielle Doran ("Doran"), Shannel Smith ("Smith"), and Kevin May ("May") (collectively "Plaintiffs") have failed to provide complete responses to discovery requests. *Id.*  Defendants further assert Smith and May have failed to provide executed and notarized verification pages and authorizations and have failed to properly label documents. *Id.*  Defendants seek sanctions up to dismissal of Plaintiffs' claims and attorneys' fees. *Id.*  For the following reasons, Defendants' Motion is GRANTED in part and DENIED in part.

**DISCUSSION**

**I.      Facts**

---

[1]Also pending before the Court is Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion for Sanctions (Doc. #95), which is GRANTED.

1

The instant action was originally filed in this Court on July 7, 2005. (Doc. #1). The Complaint was then amended on August 21, 2006, adding Craig, Curns, Doran, Smith, and May as Plaintiffs. (Doc. ##3, 33). In the Order granting leave to add Plaintiffs issued on August 16, 2006, the Court vacated its original Scheduling Order. (Doc. #32). Therefore, no discovery deadline was in effect until the Court issued an Amended Scheduling Order on December 10, 2008, setting the discovery deadline as May 1, 2009. (Doc. #77).

On October 6, 2006, Defendants served by mail their initial written discovery on Plaintiffs. (Doc. #39). Plaintiffs filed three separate motions for extension of time to respond to Defendants' initial discovery requests. (Doc. ##42, 53, 55). On January 7, 2007, Plaintiffs filed a Certificate of Service indicating their responses were served via mail. (Doc. #57). However, Defendants did not receive a hard copy of these responses but rather electronic copies sent via email on January 8, 2007 after Defendants prompted such action. (Doc. #88-1). These responses were incomplete and did not contain the proper signatures. (Doc. ##88-2 through 88-14). After continued correspondence with Plaintiffs' counsel, Elle Sullivant, failed, Defendants drafted an extensive 31-page letter outlining each remaining issue with Plaintiffs' responses to discovery requests on February 20, 2007. (Doc. #88-15). Defendants state Plaintiffs did not respond to this letter. (Doc. #88, p. 2).

Defendants acknowledge Plaintiffs did produce documents to Defendants in March 2007 but assert signed verification pages and requested medical, employment, and tax authorizations were not included. *Id.* Defendants further assert documents produced for Craig, Doran, and May were not organized or labeled to correspond with the categories in Defendants' request for production of documents. *Id.* Defendants unsuccessfully attempted to schedule conferences with the Court to

discuss their discovery issues, each time sending letters to the Court and copying Ms. Sullivant, until the case was transferred to the undersigned on November 13, 2008.  (Doc. #88-16 through 88-18).

On December 10, 2008, the Court held a discovery conference and orally ordered Plaintiffs to do the following by December 23, 2008:

- • Provide complete responses to Defendants' Interrogatories to Plaintiffs;
- • Provide signed verification pages for Plaintiffs;
- • Produce all documents responsive to Defendants' Request for Production and organize same by identifying by Bates number the documents responding to each request for production; and
- • Provide requested medical, employment, and tax authorizations.

Instead of complying with this Court's Order, Plaintiffs served responses to interrogatories primarily indicating "Plaintiff has fully responded to the question and has no more information to provide at this time" and to document requests by stating "[a]ll such documents have been previously produced and no responsive documents have been withheld."  (Doc. #88-19 through 88-30).   On January 9, 2009, Ms. Sullivant did not appear for a telephone conference set to discuss Plaintiffs' failure to comply with the December 10, 2008 Order and the Court reset the conference for January 20, 2009.  (Doc. ##79-80).  During the rescheduled conference, the Court again orally ordered (1) Plaintiffs to correlate documents produced with Defendants' specific request for production, (2) Smith and May to provide notarized and executed medical, employment, and tax authorizations, and (3) Smith, May, Craig, and Doran to provide the signed and notarized verification page of their respective interrogatories.  The Court further warned Plaintiffs that if they failed to comply with its directives, it would entertain sanctions up to, and including, dismissal of Plaintiffs' claims.  The Court then authorized Defendants to file the pending Motion.

On January 30, 2009, Plaintiffs filed a Certificate of Service indicating Plaintiffs mailed via regular U.S. mail the following to Defendants' counsel: (1) Doran's, Curns', Smith's, and Craig's

3

Supplemental Responses to Defendants' First Document Requests and (2) Doran's, Curns', and Craig's Notarized Signature to Defendants' First Set of Interrogatories. (Doc. #82). Defendants assert an unknown individual hand-delivered these responses on February 5, 2009 to Defendants' counsel with the exception of Smith's Amended Supplemental Response to Defendants' First Document Request, which Defendants claim was not included. (Doc. #88, p. 5).

Defendants assert Plaintiffs' following discovery responses are inadequate to date: (1) Plaintiffs' answers to interrogatories as specifically discussed below; (2) Smith's and May's verification page for interrogatories; (3) Smith's and May's authorizations; and (4) Smith's and May's documents responsive to Defendants' Requests for Production. *Id.*

## II.     Standard and Analysis

Pursuant to Rule 37, a party seeking discovery may move to compel disclosure if "a party fails to answer an interrogatory submitted under Rule 33," fails to produce documents under Rule 34, or provides evasive or incomplete answers or responses to interrogatories or requests under Rules 33 and 34. Fed. R. Civ. P. 37(a)(3)(B), (a)(4). Before making such motion, the movant must confer or attempt to confer with the person or party failing to disclose discovery in good faith. Fed. R. Civ. P. 37(a)(1).

After reviewing the responses to discovery requests and the parties' respective arguments, the Court finds Plaintiffs have failed to fully answer interrogatories and produce documents pursuant to the Federal Rules of Civil Procedure and Defendants attempted to confer with Plaintiffs in good faith prior to seeking the Court's intervention. Specifically, Plaintiffs have failed in answering and/or producing the following:

Craig:
•        Interrogatory No. 3 (damage computation);

4

- Interrogatory No. 7 (employment history);
- Interrogatory No. 11 (discrimination/harassment complaints);
- Interrogatory No. 17, subparts (a) and (e) (general pattern and practice of disparate treatment);
- Interrogatory No. 18, subpart (c) (information regarding specific claim);
- Interrogatory No. 19 (information regarding specific claim);

Curns:
- Interrogatory No. 3 (damage computation);
- Interrogatory Nos. 7 and 8 (employment history);
- Interrogatory No. 17, subparts (a) and (e) (general pattern and practice of disparate treatment);
- Interrogatory No. 18, subparts (c) and (e) (information regarding specific claim);

Doran:
- Interrogatory No. 3 (damage computation);
- Interrogatory No. 8 (employment history);
- Interrogatory No. 17, subparts (a) and (e) (general pattern and practice of disparate treatment);

Smith:
- Interrogatory No. 3 (damage computation);
- Interrogatory No 8 (employment history);
- Interrogatory No. 17, subparts (a) and (e) (general pattern and practice of disparate treatment);
- Notarized verification page of her interrogatory responses;
- Notarized copies of her executed authorizations (medical, employment, and tax);
- Supplemental responses to Defendants' request for production by properly labeling the documents to correspond with specific requests;

May:
- Interrogatory No. 3 (damage computation);
- Interrogatory No. 17, subparts (a) and (e) (general pattern and practice of disparate treatment);
- Notarized verification page of his interrogatory responses;
- Notarized copies of his executed authorizations (medical, employment, and tax);
- Supplemental responses to Defendants' request for production by properly labeling the documents to correspond with specific requests.

Plaintiffs' argument that they have provided all information within their control is unpersuasive. The Court reminds Plaintiffs it is their burden to prove their case, including all elements of their claims and their purported damages. The information sought by Defendants goes to the heart of Plaintiffs' claims and is information Plaintiffs must provide or disclose in order to prove their case and/or their damages. As this case has been pending for nearly four years and Defendants initially requested discovery over two years ago, Plaintiffs should have gathered or attempted to gather this information by now in an effort to prosecute their case.

Therefore, Defendants' Motion to Compel is GRANTED and Plaintiffs are ORDERED to fully answer the interrogatories and/or produce the information or documents as noted above for delivery to Defendants on or before April 15, 2009. In providing a damage computation, Plaintiffs are required to specify not only the category of damages alleged, but also the amount of their purported damages.[2] In addressing interrogatories regarding employment history, Plaintiffs are directed to, at a minimum, provide approximate dates for receipt of or changes in income. If Plaintiffs have no information to provide in response to an interrogatory or request, Plaintiffs shall state such rather than responding with "not applicable," stating that all information has been previously provided, or by leaving their answer blank.

Because the Court grants Defendants' Motion to Compel and has given Plaintiffs an opportunity to be heard on the matter, it must require Plaintiffs and/or Ms. Sullivant to pay Defendants' reasonable expenses in preparing this Motion, including attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5)(A). Upon reviewing Nicholas Walker's, attorney for Defendants, Affidavit

---

[2]The Court recognizes Plaintiffs may be asserting ongoing damages due to lost wages, benefits, etc. In the event this is the case, Plaintiffs must attempt to compute the damages incurred to this point and may supplement their response at a later time.

6

submitted with the pending Motion, the Court finds Defendants' reasonable expenses in preparing this Motion are $10,988.00.[3]  Ms. Sullivant and Plaintiffs are jointly and severally liable for this amount.

Additionally, Defendants seek sanctions for Plaintiffs' failures to comply, including dismissal of their claims.  (Doc. #88).  Rule 37 authorizes the Court "to impose sanctions upon parties who fail to comply with discovery orders, allowing the court 'to treat such failure as contempt of court, to require the payment of reasonable attorney fees, to stay proceedings until the order is obeyed, to require admissions, to allow designated evidence without further dispute, to strike pleadings and to enter a dismissal or judgment by default.'"  *Gleghorn v. Melton*, 195 Fed. Appx. 535, 537 (8th Cir. 2006) (*citing Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir.1977)).  "Rule 37(b), however, also limits the court's discretion, requiring that the sanction be just and that it be specifically related to the claim at issue in the discovery order."  *Id.* (*citing Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir.2002)).  "To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'"  *Sentis Group, Inc. v. Shell Oil Co.*, – F.3d – , 2009 WL 749851, at *9 (8th Cir. Mar. 24, 2009) (*citing Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000).  "Although a district court need not impose the least onerous sanction, fairness requires it to consider whether a lesser sanction is available or appropriate before dismissing a case with prejudice."  *Gleghorn*, 195 Fed. Appx. at 537 (*citing Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir.2000)).

---

[3]Per the table attached to Mr. Walker's Affidavit, beginning on February 6, 2009, Mr. Walker spent 40.4 hours (at $230.00 per hour) and co-counsel Patrick Hulla spent 5.3 hours (at $320.00 per hour) preparing the pending Motion.

7

Although the Court has previously ordered Plaintiffs to produce the discovery requested by Defendants on two separate occasions, lesser sanctions are available and appropriate at this time. Should Plaintiffs fail to answer the interrogatories and/or produce the information noted above for delivery to Defendants on or before April 15, 2009, Plaintiffs and Ms. Sullivant will be assessed a fine of $100.00 per day beginning on April 16, 2009 and continuing until all interrogatories or document requests are fully answered or produced. If Smith and May fail to deliver notarized verification pages for their interrogatory responses and notarized medical, employment, and tax authorizations to Defendants on or before April 15, 2009, their claims will be dismissed with prejudice upon Defendants' motion.[4] If, by May 29, 2009, Plaintiffs have still not rectified their deficient discovery responses, Defendants may then renew their request for sanctions, including dismissal of Plaintiffs' claims. Furthermore, all other discovery is STAYED until Plaintiffs provide the requested information.[5]

## **CONCLUSION**

Defendants' Motion to Compel is GRANTED and Plaintiffs are ORDERED to fully answer the interrogatories and/or produce the information or documents as noted previously in this Order and deliver such discovery to Defendants on or before April 15, 2009. If Plaintiffs fail to correct

---

[4]The Court notes it previously issued a similar directive; however, Ms. Sullivant has represented to the Court her inability to contact Smith and May due to their recent changes in addresses. Therefore, the Court grants Smith and May one last opportunity to provide these notarized documents.

[5]When this stay is lifted, Defendants must be given an opportunity to depose all Plaintiffs, including those Plaintiffs not parties to this Motion, before Plaintiffs may depose Defendants or their representatives. If deemed appropriate, the Court may entertain an extension of the current discovery deadline. In considering any such extension, the Court will consider Plaintiffs' diligence, or continued lack thereof, in complying with the directives of this Order along with Defendants' need for additional discovery.

8

their discovery deficiencies by this date, Plaintiffs and Ms. Sullivant will be assessed a fine of $100.00 per day beginning on April 16, 2009 and continuing until all interrogatories or document requests are fully answered or produced. Ms. Sullivant and Plaintiffs are further ORDERED to pay Defendants' reasonable expenses in preparing the pending Motion in the amount of $10,988.00. At this time, Defendants' request for dismissal is DENIED. All other discovery is STAYED until Plaintiffs provide the requested discovery.

**IT IS SO ORDERED.**

s/ Gary A. Fenner_____
Gary A. Fenner, Judge
United States District Court

DATED: March 31, 2009