IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CATHY ARNOLD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 05-0607-CV-W-GAF |
| | ) |
| ADT SECURITY SERVICES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Presently before the Court are Plaintiffs Sheila Craig ("Craig"), Andrea Curns ("Curns"), GaBrielle Doran ("Doran"), Shannel Smith ("Smith"), and Kevin May's ("May") (collectively "Plaintiffs") Amended Motion for Reconsideration and Motion for Relief from the Court's Order Imposing Sanctions filed pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b)") (Doc. #109) and Motion to Stay that Portion of Order Levying Sanctions and Fines Against Plaintiffs Beginning April 16, 2009 (Doc. #110).[1] Plaintiffs contend newly discovered evidence justifies reconsideration of and

---

[1] Also pending is Plaintiffs' Request for an Additional 24 Hours to Amend Their Attached Filing posted at 12:01 a.m. on April 15, 2009. (Doc. #108). Elle Sullivant, counsel for Plaintiffs, represented to the Court in a voice message left with the undersigned's courtroom deputy that she was unable to post this Request on the Court's CM/ECF electronic filing system on April 14, 2009 because the system was "down." Ms. Sullivant did not inform the Court of her problems with the CM/ECF system until the afternoon of April 15, 2009 and did not mention her issues in the Motion for Reconsideration. (Doc. #109). Additionally, the undersigned confirmed with Robin Jones, CM/ECF Specialist/Team Leader for the Court, that the CM/ECF system was unavailable for attorney use from 12:05 a.m. to 1:00 a.m. on April 15, 2009, four minutes after Ms. Sullivant filed this Request. This is not to say Ms. Sullivant did not have issues filing this Request; however, those issues were not created by a failure of the CM/ECF system. Nevertheless, the Court GRANTS Plaintiffs' Request.

1

relief from the Court's Order dated March 31, 2009. (Doc. ##109-110). For the following reasons, Plaintiffs' Motions are DENIED.

## **DISCUSSION**

**I.     Facts**

On March 31, 2009, the Court issued an Order granting in part and denying in part Defendants ADT Security Services, Inc., et al.'s (collectively "Defendants") Motion to Compel and Request for Sanctions ("the Motion to Compel"). (Doc. #105). The Court ordered Plaintiffs

> to fully answer the interrogatories and/or produce the information or documents as noted previously in this Order and deliver such discovery to Defendants on or before April 15, 2009. If Plaintiffs fail to correct their discovery deficiencies by this date, Plaintiffs and Ms. Sullivant will be assessed a fine of $100.00 per day beginning on April 16, 2009 and continuing until all interrogatories or document requests are fully answered or produced. Ms. Sullivant and Plaintiffs are further ORDERED to pay Defendants' reasonable expenses in preparing the pending Motion in the amount of $10,988.00. At this time, Defendants' request for dismissal is DENIED. All other discovery is STAYED until Plaintiffs provide the requested discovery.

*Id.* at pp. 8-9. The Court also stated Smith's and May's claims would be dismissed if they failed "to deliver notarized verification pages for their interrogatory responses and notarized medical, employment, and tax authorizations to Defendants on or before April 15, 2009." *Id.* at p. 8.

In its Order, the Court set forth the procedural history of the case, including filings that concerned the discovery dispute at issue. The Court adopted Defendants' factual statements to the extent those facts were supported by documentation provided by Defendants and listed Defendants unsupported assertions as such. The Court also adopted Plaintiffs' unsupported representation that Smith's and May's address changes had justifiably hindered discovery.[2] One point that the Court

---

[2]The Court notes Plaintiffs' response to the Motion to Compel provided little to no support for any of their factual assertions. Plaintiffs stated they responded to discovery requests "to the best of their ability" and "provided possible third parties who may be able to provide

2

adopted based on Defendants' supported factual statement was the unavailability of the Court to discuss discovery issues prior to the case's transfer to the undersigned. While Plaintiffs now assert Defendants deliberately mislead the Court in making such an assertion (Doc. #109, ¶19), Plaintiffs admitted in their response to Defendants' Motion to Compel that "the Court was not in a position to offer guidance" despite attempts to obtain direction from the Court on how to proceed in discovery since November 2006. (Doc. #101, p. 6).

On March 27, 2009, four days before the Court entered its Order on the Motion to Compel, Elle Sullivant, counsel for Plaintiffs, received voluminous documents from Defendants responsive to initial Rule 26 disclosures. (Doc. #109, Ex. E-F). Plaintiffs assert the information contained in these documents addresses the deficiencies Defendants complained of in the Motion to Compel but Plaintiffs provide no supporting evidence of this assertion. (Doc. #109).

Plaintiffs attack the Court's March 31, 2009 Order on the following grounds: (1) that the Court improperly based its Order, in part, on the time discovery has taken in this case; (2) that the Court's understanding of the history of the case is "incomplete and inaccurate" and based on Defendants' representations only; (3) that the Court considered Ms. Sullivant's absence from a telephone conference on January 9, 2009 in fashioning its Order; (4) that the award of attorneys' fees was improper because Plaintiffs were substantially justified in delaying discovery and the award is unjust; (5) that the award of attorneys' fees in the amount of $10,988.00 is excessive; (6) that newly discovered evidence from the documents produced in Defendants' Rule 26 disclosures was received by Plaintiffs on March 27, 2009; and (7) that Defendants intentionally withheld evidence. *Id.*

---

additional information by way of testimony or external documents." (Doc. #101, p. 3). Plaintiffs contended that "they have provided far more discovery then [sic] what has been suggested to this Court" but failed to present any evidence supporting this statement.

3

## II.   Standard[3] and Analysis

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). Ruling on a motion for reconsideration is within the sound discretion of the district court. *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 153 F.3d 919, 924 (8th Cir. 1998) (citations omitted). It "is not a vehicle for simple reargument on the merits," *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999), and cannot be used "to introduce new evidence that could have been adduced during pendency of the [challenged] motion . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." *Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993).

The Court refuses to address Plaintiffs' first five grounds for attacking the Court's March 31, 2009 Order because Plaintiffs are merely rearguing the merits of the Motion to Compel and attempting to introduce evidence that was available, but not presented, at the time the Order was issued.[4] *See Hagerman*, 839 F.2d at 414; *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem.*

---

[3]Plaintiffs cite to two cases, *Mu Ju Li v. Mukasey*, 515 F.3d 575 (6th Cir. 2008) and *Ahmed v. Ashcroft*, 388 F.3d 247 (7th Cir. 2004), which discuss the Board of Immigration Appeals' discretion in granting motions to reconsider. This standard is wholly inapplicable in this Court.

[4]Noticeably absent from Plaintiffs' response to the Motion to Compel are factual assertions and arguments Plaintiffs presented in their Motion for Reconsideration that were available at the time they filed their response. These factual assertions and arguments include (1) filings listed in the docket report; (2) email correspondence between the parties' respective counsel concerning the discovery dispute; (3) discovery conferences held by the previous presiding judge's law clerk; (4) directions from the law clerk at these discovery conferences; (5) lack of contact between counsel for the parties for a six-month period; (7) response to Defendants' assertion that Plaintiff "failed to appear at" a telephone conference set for January 7, 2009; (8) that Defendants' had not made their initial Rule 26 disclosures; and (9) that the attorneys' fees requested were based on excessive hours spent in researching and drafting the

4

*Co.*, 165 F.2d 602, 607 n.5 (8th Cir. 1999); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 993 n.4 (8th Cir. 1998). However, the Court will discuss Plaintiffs' final two grounds for reconsideration.

Rule 60(b)(2) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" due to "newly discovered evidence that, with reasonable diligence, could not have been discovered." This is "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Baxter Int'l, Inc. v. Morris*, 11 F.3d 90, 92 (8th Cir. 1993) (*quoting United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). For this reason, motions under Rule 60(b)(2) on the ground of newly discovered evidence are generally viewed with disfavor. *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995). To prevail on their Rule 60(b)(2) motion, Plaintiffs must show: (1) that the evidence was discovered after the Court's March 31, 2009 Order; (2) that they exercised due diligence to discover the evidence before the Order was issued; (3) that the evidence is material and not merely cumulative or impeaching; and (4) that reconsideration of the Motion to Compel in light of the evidence would probably produce a different result. *Liberty Mut. Ins. Co.*, 153 F.3d at 924 (*citing McCormack v. Citibank*, 100 F.3d 532, 542 (8th Cir.1996)).

Here, Plaintiffs contend Defendants' Rule 26 disclosures received on March 27, 2009 are newly discovered evidence within the meaning of Rule 60(b)(2). The Court disagrees. First, Plaintiffs received, and thus discovered, the evidence before the Court issued its March 31, 2009 Order. As such, it is not newly discovered evidence. *See COMSAT Corp. v. St. Paul Fire & Marine Ins. Co.*, 246 F.3d 1101, 1107 (8th Cir. 2001) (finding that a deposition taken eighteen days prior to the court's ruling on a summary judgment motion was not "newly discovered evidence"

---

Motion to Compel.

because the party seeking reconsideration did not request a continuance or move to supplement the record until after the order was issued).[5]

Next, Plaintiffs failed to argue they exercised due diligence to discover the evidence before the Order was issued. Plaintiffs provide no support for their position that they have previously attempted to gather the information contained in these disclosures from Defendants, merely stating "[a]ll documents were previously requested in an effort to establish the pattern and practice plaintiffs refer to in their Complaint." (Doc. #109. ¶28). Tellingly, prior to the pending Motions, Plaintiffs have never complained or informed the undersigned of Defendants' failure to provide their Rule 26 disclosures or failure to comply with requests for such information. Without a showing of due diligence, Plaintiffs cannot succeed on a Rule 60(b)(2) motion. *See Liberty Mut. Ins. Co.*, 153 F.3d at 924 (affirming district court's denial of a motion for reconsideration based in part on movant's failure to show due diligence).

Plaintiffs also fail to demonstrate that the information contained in Defendants' disclosures are material to the Court's findings in its Order or that the Order would probably be different as a result of the information. Plaintiffs provide no examples of the information they deem "critical" to their claims and Defendants' defenses and how this information is material to the Court's Order. Further, the Court based its Order compelling discovery and imposing sanctions on the fact that Plaintiffs had twice failed to comply with Orders directing them to fully answer interrogatories and

---

[5]The Court questions whether Plaintiffs can even establish the information contained in these documents was truly new to them with respect to the yet-unanswered interrogatories. These interrogatories address damage computation, employment history, previous discrimination or harassment complaints made by Plaintiffs, Plaintiffs' allegations of Defendants' general pattern and practice of disparate treatment, and Plaintiffs' specific claims of harassment by Defendants. All of these issues/items should be within the personal knowledge of Plaintiffs.

6

Case 4:05-cv-00607-GAF   Document 111   Filed 04/22/09   Page 6 of 8

provide notarized verification pages and authorizations and issued the award of attorneys' fees based on the analysis of Rule 37(a)(5)(A).[6] Thus, Plaintiffs cannot demonstrate any of the required elements of a Rule 60(b)(2) motion.

Plaintiffs also seek reconsideration of the Court's March 31, 2009 Order based on what they characterize as Defendants' "intentional withholding of several thousand pages worth of critical documents in this case." (Doc. #109, ¶27). Pursuant to Rule 60(b)(3), the Court may relieve Plaintiffs from its Order if Defendants engaged in fraud, misrepresentation, or misconduct. "To prevail on a Rule 60(b)(3) motion, the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (internal quotations and citations omitted).

Here, Plaintiffs merely conclude Defendants must have intended to withhold information based on the timing and scope of the Rule 26 disclosures received on March 27, 2009.[7] Plaintiffs' conclusion does not rise to the level of clear and convincing evidence of fraud, misrepresentation, or misconduct. Even if Defendants' arguably late Rule 26 disclosures are an act of misconduct, Plaintiffs failed to demonstrate the material contained in these disclosures prevented them from fully and fairly responding to the Motion to Compel. As stated previously, Plaintiffs have only provided

---

[6] Again, Plaintiffs never complained of Defendants' failure to make Rule 26 disclosures or failure to provide requested information.

[7] Plaintiffs state they "are at a loss as to why Defendants would purposely wait until March 20, 2009 to even send out their initial responses and documents due under Rule 26." (Doc. #109, ¶27). The Court finds it ironic that the docket report shows that only Plaintiffs Cynthia Braxton and Cathy Arnold, who are not parties to this Motion, have provided their initial Rule 26 disclosures. (Doc. #9).

7

general overviews of the information contained in the disclosures without presenting specific documents supporting their general contentions.

For all of these aforementioned reasons, Plaintiffs' Motion for Reconsideration and Motion to Stay are DENIED.

## **CONCLUSION**

Plaintiffs seek to reargue the merits of the Motion to Compel, which is not permitted. Further, Defendants' Rule 26 disclosures received by Plaintiffs on March 27, 2009 did not contain any "newly discovered evidence" as that term is used in Rule 60(b)(2). Plaintiffs did not present clear and convincing evidence for their conclusion that Defendants intentionally withheld critical information. Plaintiffs' Motion for Reconsideration and Motion to Stay are therefore DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: April 22, 2009